IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARSAPE S.A., | NO. C 03-04535 JW |
| Plaintiff(s), | **ORDER GRANTING ARSAPE'S APPLICATION TO CONTINUE HEARING DATE ON JDSU'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| JDS Uniphase Corporation, | |
| Defendant(s). | |

Defendant JDS Uniphase Corporation ("JDSU") filed a motion for summary judgment, or in the alternative, partial summary judgment, and noticed the motion for hearing on February 13, 2006. Plaintiff Arsape S.A. ("Arsape") filed an opposition as well as a separate application "for an order refusing or continuing the hearing date on JDSU's motion for summary judgment, or in the alternative, partial summary judgment, on the grounds that further discovery is required." Arsape contends that additional discovery is necessary to determine the course of dealings between the parties. More specifically, Arsape seeks discovery to determine what, if any, terms and conditions were accepted by DMT; to determine the meaning of the "Confirmation Only" stamp; and to evaluate the competency of a witness those testimony has been presented to the Court. JDSU opposes any continuance of the February 13, 2006 hearing date. The Court finds that a continuance is warranted pursuant to Rule 56(f), Fed.R.Civ.P., and accordingly Arsape's application is granted.

Rule 56(f), Fed.R.Civ.P., provides that the district court may refuse or continue a summary judgment motion when it appears "from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition." A

1  party seeking Rule 56(f) relief must satisfy two requirements.  First, "Rule 56(f) requires affidavits
2  setting forth the particular facts expected from the movant's discovery." Brae Transp., Inc., v.
3  Coopers & Lybrand, 790 F.2d 1439, 1443 (9th Cir. 1986).  Second, the party seeking a continuance
4  or refusal must specify "how those facts would preclude summary judgment," Garrett v. City and
5  County of S.F., 818 F.2d 1515, 1518 (9th Cir. 1987).  Without fulfilling these two requirements, the
6  summary judgment motion will proceed, and Rule 56(f) relief is not proper.  See In re Silicon
7  Graphics Inc. Sec. Litig., 183 F.3d 970, 989 (9th Cir. 1999) (quoting Brae Transp., 790 F.2d at 1445)
8  ("Failure to comply with the requirements of Rule 56(f) is a proper ground for denying discovery
9  and proceeding to summary judgment").  Once those two requirements are satisfied, then the motion
10 should not be granted if the moving party can show that additional discovery would have precluded
11 summary judgment.  See Qualls v. Blue Cross of California, 22 F.3d 839, 844 (9th Cir. 1994).

12      In this case, Arsape makes the bare minimum showing to satisfy the two requirements.
13 Arsape expects to proceed with discovery to further elucidate the parties' course of dealings.
14 Arsape also contends that it must go forward with Mr. Erskine's deposition so that he can
15 authenticate documents relevant to the summary judgment motion.  Arsape's discovery is apparently
16 intended to further bolster its contention that the parties entered into an oral contract before
17 transmittal of the written purchase orders, and thereby defeat JDSU's motion.  In addition, Arsape
18 intends to take further discovery regarding Mr. Donovan's health.

19      Therefore, Arsape's application is granted.  The parties shall complete all discovery by May
20 3, 2006, as is required by the Scheduling Order.  Arsape shall file and serve any supplemental
21 briefing and evidence in opposition to JDSU's motion no later than May 10, 2006; JDSU shall file
22 and serve any response to the supplemental submissions no later than May 17, 2006.  The motion for
23 summary judgment is continued from February 13, 2006 to June 5, 2006 at 9:00 a.m.

24 Dated: February 3, 2006                     /s/James Ware
   03cv4535rule56f                             JAMES WARE
25                                             United States District Judge

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Gaylord A. Virden gavyls62@msn.com
Jeffrey J. Lederman jlederman@winston.com
Margaret Alexandra Ziemianek mziemianek@wsnlaw.com
Nicole P. Dogwill ndogwill@winston.com
William A. Wineberg wineb@wsnlaw.com

**Dated: February 3, 2006**                               **Richard W. Wieking, Clerk**

                                            **By:   /s/JW chambers**
                                                  **Melissa Peralta**
                                                  **Courtroom Deputy**